# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,        :        Case No. 3:15-cr-144
                                                  Also Case No. 3:16-cv-370

                                                  District Judge Thomas M. Rose
    -  vs  -                               Magistrate Judge Michael R. Merz

TESS M. CREMEENS,

                Defendant.       :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court upon the filing of a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 15).  As with all post-judgment collateral attacks on criminal convictions, it has been referred to the undersigned under the Dayton General Order of Assignment and Reference (General Order Day 13-01).  The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Ms. Cremeens pleads two grounds for relief:

>
> **Ground One:** Minor Role
>
> **Supporting Facts:** Per PSI under Adjustment for Role in the Offense: "Cremeens was Wion's assistant and both Wion and Cremeens actively embezzled funds from Repacorp's payroll. Cremeens was responsible for AP [accounts payable] & payroll; However, Wion was her supervisor and he worked in a management level position. Wion was ultimately in charge of AP/receivables and payroll and the employer expected Wion to perform a supervisory role over Cremeens. As such, Cremeens is considered to have played an average role in the offense, and no adjustment is warranted for aggravating or mitigating role." [Quoting ¶ 38 of the PSR.]
>
> Also Wion is responsible for money he embezzled as well as the money Cremeens embezzled. Cremeens is only responsible for what she embezzled.

(Motion, ECF No. 15, PageID 67.)

> **Ground Two:** Peppers Act – Post-Sentencing Rehabilitation Act
>
> **Supporting Facts:** During the course of my incarceration, I have been actively participating in programs offered by the institution. I have also been able to obtain employment tutoring other ladies that have not obtained their high school diploma or GED. I prepared the ladies by tutoring math that has ultimately allowed 7 out of 10 inmates to achieve their GED. The majority of these ladies were court ordered to achieve their GED while incarcerated. I have also become a motivator for other women to exercise, think about health along with fitness as well as proper food groups relating to proportion size. I would ask if a reevaluation could be performed to lessen my sentence.

*Id.* at PageID 68.

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure.  *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*).  Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack."  *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).  Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'"  *Davis v. United States*, 417 U.S. 333, 346 (1974), *quoting Hill v. United States*, 368 U.S. 424, 428-429 (1962); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006).  Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

Ms. Cremeens has not alleged any violation of the United States Constitution occurred during her case in this Court. The record reflects that Ms. Cremeens was charged in a two count Information with conspiracy to commit wire fraud and income tax evasion (Information, ECF No. 2). She entered into a written Plea Agreement with the Government under which she agreed to plead guilty to both charges (ECF No. 3). The Plea Agreement was made pursuant to Fed. R. Crim. P. 11(c)(1)(C) and provided for an agreed sentence of eighteen months' imprisonment. *Id.* at PageID 10. Paragraph 14 of the Plea Agreement provides: "Defendant waives her right to attack her conviction or sentence collaterally through a post-conviction proceeding, including proceedings under 28 U.S.C. § 2255 and 18 U.S.C. § 3582. The waivers set forth in this paragraph do not apply to claims of ineffective assistance of counsel or prosecutorial misconduct."

Judge Rose referred the case to the Probation Department for preparation of a presentence investigation report ("PSR"). The PSR concluded that the advisory sentencing guideline range was thirty to thirty-seven months, but recommended an eighteen month sentence in accord with the Plea Agreement. In her Sentencing Memorandum, made no objections to the PSR and agreed that two eighteen-month sentences, served concurrently, "best achieves the goals set forth in the United States Sentencing Guidelines and 18 U.S.C. § 3553." Judge Rose then imposed the sentence agreed on in the Plea Agreement and recommended by the PSR and Ms. Cremeens.

The instant § 2255 Motion should be dismissed with prejudice because Ms. Cremeens, as part of a counseled Plea Agreement, waived her right to attack the judgment in a § 2255 motion. Moreover, her First Ground for Relief does not in any way show she had a minor role in the offenses and in fact she embezzled almost as much money as her supervisor. Finally, although a

federal judge may take post-sentencing conduct into account when re-sentencing a defendant after a successful appeal in some circuits, there has been no successful appeal in this case. While Ms. Cremeens is to be congratulated for her efforts to help fellow inmates help themselves by improving their education and nutrition, federal law does not provide a judge with authority to reduce a sentence on that basis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 29, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

5

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).